711 F.2d 86
 13 Fed. R. Evid. Serv. 1257
 UNITED STATES of America, Appellee,
v.
Gary Lynn WODTKE and Sharon Lynn Wodtke, Appellants.
UNITED STATES of America, Appellee,
v.
Leonhard, Bruce, and June WODTKE, Appellants.
UNITED STATES of America, Appellee,
v.
Eugene Francis WILLEMS, Appellant.
 Nos. 83-1264, 83-1600 and 83-1602.
 United States Court of Appeals,
Eighth Circuit.
 Decided June 24, 1983.
 
 Stanley E. Munger, Sioux City, Iowa, for appellants in No. 83-1264.
 Francis L. Goodwin, Sioux City, Iowa, for appellant, Leonhard Wodtke.
 Wilford M. Forker, Sioux City, Iowa, for appellant, June Wodtke.
 Mayer Kanter, Sioux City, Iowa, for appellant, Bruce Wodtke.
 Gary E. Wenell, Sioux City, Iowa, for appellant in No. 82-1602.
 Asher E. Schroeder, Asst. U.S. Atty., Sioux City, Iowa, for appellee, United States.
 Before HEANEY, McMILLIAN and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case is before the Court on a motion for stay filed by the defendants-appellants, seeking to prevent the District Court[1] from proceeding with a second trial. The first trial ended when the Court, on motion of all defendants, declared a mistrial. The rule of exclusion of witnesses had been invoked, and an agent of the Government violated it by taking notes of testimony in the courtroom and relaying the substance of these notes to certain other Government employees who were to be witnesses. Defendants claim on this appeal that their second trial should be barred by the Double Jeopardy Clause of the Fifth Amendment, and they ask that the second trial be stayed until this Court can decide that question.
 
 
 2
 We have the power, see 8th Cir.R. 12(a), to decide cases without full briefing when that action is appropriate. In our view, this is such a case. We have carefully reviewed the relevant portions of the trial transcript, as well as the papers filed by all defendants and by the United States with respect to the motion for stay, and we believe that the contentions of the parties on the double-jeopardy issue are fully set forth in these papers. Here, the mistrial was granted on motion of all defendants. It is true that certain other corrective measures were preferred by counsel for the defense--for example, striking the testimony of all Government witnesses who had been briefed by the offending agent--, but it is also true that defendants persisted in their desire that a mistrial be declared even after learning that the alternatives they preferred would not be accepted by the Court. The Supreme Court has recently held that when a mistrial is granted on the motion of a defendant, a new trial is barred by double jeopardy only if "the conduct giving rise to the successful motion for a mistrial was (prosecutorial or judicial conduct) intended to provoke the defendant into moving for a mistrial." Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. 2083, 2091, 72 L.Ed.2d 416 (1982). There is of course no question here of judicial misconduct, and the District Court found that the Government's violation of the exclusionary rule was not intended to provoke a mistrial motion on the part of the defendants. It was rather the result, apparently, of inexperience on the part of one of the lawyers for the United States. This finding is not clearly erroneous, and we accept it.
 
 
 3
 Accordingly, a second trial is not barred by the Double Jeopardy Clause of the Fifth Amendment. The judgment of the District Court, denying defendants' motion to dismiss the indictment after the declaration of the mistrial, is affirmed. The motion for stay of the second trial is denied as moot.
 
 
 4
 It is so ordered.
 
 
 
 [1]
 The Hon. Donald E. O'Brien, United States District Judge for the Northern District of Iowa